# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY JENKINS, | )<br>) |
| Plaintiff, | ) Civil Action No. 16-845<br>) |
| v. | ) Judge Cathy Bissoon<br>) |
| TONIA WILLIAMS,<br>*et al.*, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

For the reasons that follow, Defendants' Motions to Dismiss (Docs. 12 & 23) will be granted, Plaintiff's federal claims will be dismissed and the Court will decline to exercise supplemental jurisdiction over his state law claims.

Plaintiff brings this Section 1983 action against the City of Uniontown and certain of its police officers, based on their failure to criminally prosecute two individuals who allegedly assaulted and injured Plaintiff while he was on the premises of Park's Casino. *See generally* Compl. (Doc. 1). The alleged perpetrators also are named as Defendants, as are the Casino and persons involved in its ownership and operation. *See id.* Plaintiff's overarching theory is that, because the Casino's owner was the mayor of Uniontown, and because a thorough criminal investigation might have resulted in liability to the mayor and his associates, the investigation and/or prosecution deliberately were stymied. *See id.* at ¶¶ 31, 33-36.

Plaintiff's only substantive federal claim sounds in "class-of-one" equal protection. See, e.g., Pl.'s Opp'n Br. (Doc. 26) at 2-4.[1] To state a class-of-one claim, Plaintiff must allege that: (1) Defendants treated him differently from others similarly situated; (2) Defendants did so intentionally; and (3) there was no rational basis for the differential treatment. Greco v. Senchak, 627 Fed. Appx. 146, 149 (3d Cir. Sept. 23, 2015) (citing binding authority). These elements cannot be established.

Plaintiff posits that he was treated differently from others, i.e., he did not enjoy the benefits of a thorough criminal investigation and prosecution, because the incident occurred on premises owned by the mayor. See discussion supra; see also, e.g., Compl. at ¶¶ 53-55. Plaintiff has not identified similarly-situated persons who were treated differently, and this is unsurprising given that, under Plaintiff's theory of the case, *any* victim of crime in the Casino might, and seemingly should expect to, receive similar treatment. The similar-situation analysis comes off the rails for a more fundamental reason: Plaintiff alleges *not* that Defendants intentionally discriminated against him, but rather, *that they acted with the intention of benefitting the mayor and his associates*. Any "unequal treatment or adverse affect" suffered by Plaintiff was purely incidental; the harm(s) would have been suffered by any other hypothetical person in his shoes. See Greco, 627 Fed. Appx. at 150. Plaintiff's allegations cannot support a class-of-one claim under the law of this Circuit. See id. at 149-50 ("[d]iscriminatory purpose" is shown by demonstrating that the decisionmaker "selected or reaffirmed a particular course of

---

[1] Although the Complaint also alleges a due process violation for "reckless investigation" (Count II), Plaintiff since has withdrawn that claim as unsustainable. See id. at 1 n.1. As for Plaintiff's conspiracy and municipal-liability claims (Counts III and IV), they are contingent on Plaintiff's ability to state a viable equal-protection claim. See Muhammad v. Dempsey, 531 Fed. Appx. 216, 219 (3d Cir. July 23, 2013) (civil conspiracy requires a valid underlying claim); Noviho v. Lancaster Cty., 2017 WL 1048062, *5 (3d Cir. Mar. 20, 2017) (*Monell* claims are dependent on the existence of an underlying substantive constitutional violation).

action at least in part 'because of,' not merely 'in spite of,' its adverse effects," and "discrimination requires more than allegations of unequal treatment or adverse effect") (citations to quoted sources omitted).

Plaintiff's legal theory does not "fit," and the deficiencies cannot be cured by amendment. His federal claims fail, and the Court declines to exercise supplemental jurisdiction over his state law claims. *See* Bright v. Westmoreland Cnty., 380 F.3d 729, 751 (3d Cir. 2004) ("absent extraordinary circumstances, where the federal causes of action are dismissed[,] the district court should ordinarily refrain from exercising [supplemental] jurisdiction over . . . state law claims").

For all of the reasons stated above, Defendants' Motions to Dismiss (**Docs. 12 & 23**) are **GRANTED**. A Rule 58 Judgment Order will follow, and this case will be marked closed.

IT IS SO ORDERED.


April 27, 2017               s\Cathy Bissoon
                             Cathy Bissoon
                             United States District Judge

cc (via ECF email notification):

All Counsel of Record